**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**November 24, 2004**

**Charles R. Fulbruge III**
**Clerk**

REVISED MARCH 7, 2005

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-10189
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ALVIN EUGENE JONES,

Defendant-Appellant.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:03-CR-183-1-A

Before JONES, BARKSDALE, and PRADO, Circuit Judges.

PER CURIAM:[*]

Alvin Eugene Jones appeals his conviction and sentence for aiding and abetting the establishment of a methamphetamine manufacturing facility, manufacturing methamphetamine, possessing a firearm during and in furtherance of a drug trafficking crime, and being a felon in possession of a firearm.

Jones contends that the district court erred by denying his motion to suppress. Because the fire investigator's

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

discoveries came during the course of his investigation into the cause of the fire, the district court did not err.  See Michigan v. Tyler, 436 U.S. 499, 511 (1978).  Accordingly, the search warrant issued on the basis of the fire investigator's observations was not invalid.  See United States v. Pigrum, 922 F.2d 249, 252 (5th Cir. 1991).

Jones contends that the district court erred in granting a for-cause juror challenge.  Jones has not asserted that the jury was not impartial.  See United States v. Gonzalez-Balderas, 11 F.3d 1218, 1222 (5th Cir. 1994).  Further, as the prospective juror clearly expressed his uncertainty regarding his ability to apply the law, the district court did not err in granting the challenge. See United States v. Duncan, 191 F.3d 569, 573 (5th Cir. 1999).

Jones argues that the district court erred when it rejected his proffer of evidence of a prior inconsistent statement made by a government witness.  Jones has alleged neither that the inconsistent statements were made during the course of the agency relationship, see FED. R. EVID. 801(d)(2), nor that the inconsistent statements were uttered while Deeds was acting at the direction of the Government, cf. Massiah v. United States, 377 U.S. 201, 203-04 (1964).

Jones contends that the district court erred by denying his motions for acquittal.  A review of the trial transcript indicates that there was sufficient evidence offered to support each element of each of the convictions.  See United States v.

2

<u>Laury</u>, 49 F.3d 145, 151 (5th Cir. 1995); <u>United States v. Izydore</u>, 167 F.3d 213, 219 (5th Cir. 1999).

Jones contends that the district court erred by denying his request for relief under U.S.S.G. § 2D1.8(a)(2), by imposing a six-level increase under U.S.S.G. § 2D1.1(b)(5)(C), and by sentencing him as an armed career criminal. Because Jones personally participated in the underlying offense and possessed a dangerous weapon in relation to the underlying offense, the district court did not err in denying a reduction under U.S.S.G. § 2d1.8(a)(2). In light of the children living in Jones's home, the proximity of the exposed chemical material to a play area, and the amount of unsecured chemical materials, the district court did not err in imposing the enhancement under U.S.S.G. § 2d1.1(b)(5)(C). Because the jury convicted Jones of possessing a firearm, a conviction supported by sufficient evidence, the district court did not err in sentencing Jones as a career criminal. <u>See</u>, <u>e.g.</u>, <u>United States v. Myers</u>, 198 F.3d 160, 164 (5th Cir. 1999).

**AFFIRMED.**